UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM LORENZO JOHNSON,

    Petitioner,

v().    Case No. 6:13-cv-1779-Orl-31DAB

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

This cause is before the Court on the Petition for Writ of Habeas Corpus (Doc. 1) (the "Petition") filed by Petitioner, William Lorenzo Johnson, pursuant to 28 U.S.C. § 2254. Respondents filed a Response to Petition (Doc. 15) (the "Response") in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner was provided with the opportunity to file a reply to the Response, but he failed to do so. Petitioner alleges two claims for relief. For the reasons stated herein, the Petition will be denied.

**I.**    **PROCEDURAL BACKGROUND**

The State charged Petitioner by information with one count of possession of less than 28 grams of cocaine, one count of possession of less than 20 grams of cannabis, and one count of use or possession of drug paraphernalia. Prior to trial, Petitioner filed a motion to suppress physical evidence and a motion to suppress statements and

admissions. The trial court held an evidentiary hearing on the motions prior to trial, and both were denied. A jury found Petitioner guilty of all three counts. The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of total term of four years. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), which the trial court granted in part. In particular, the trial court granted Petitioner one additional day of jail credit.

Petitioner then filed a petition for writ of habeas corpus, which the trial court treated as a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court dismissed the motion without prejudice and with leave to amend.

Petitioner filed an amended Rule 3.850 motion, which the trial court denied. The state appellate court affirmed the denial *per curiam*. Petitioner has been released from incarceration.

## II. LEGAL STANDARDS

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

The instant habeas corpus petition is governed by the AEDPA. Under the AEDPA, if a claim was adjudicated on the merits in state court, habeas corpus relief can only be granted if the state court's adjudication results in one of two outcomes. It must

have either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1) and (2).

The Supreme Court has stated that a "state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Brown v. Payton*, 544 U.S. 133, 141 (2005). Moreover, a "state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Id*. Section 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citations omitted) (quotations omitted).

  B.  **Standard for Ineffective Assistance of Counsel**

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of

3

reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1]  *Id.* at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id.* at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

Because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, it follows that when the two apply in tandem, review is doubly so." *Morton v. Sec'y, Fla. Dept. of Corr.*, 684 F.3d 1157, 1167 (11th Cir. 2012) (citation omitted) (quotation omitted).  Under § 2254(d), "the question is not whether counsel's actions were reasonable [but] whether there is any reasonable argument that counsel satisfied *Strickland* 's deferential standard."  *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).  As both prongs of the *Strickland* test must be satisfied to establish a constitutional violation, the failure to satisfy either prong requires that an ineffective assistance claim be denied. *Strickland*, 466 U.S. at 700.

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

### III. ANALYSIS

**A. Claim One**

Petitioner states that his Fourth Amendment rights were violated because the "Stop and Frisk was unlawful . . . ." *See* Doc. No. 1 at 9-12. This claim was raised on direct appeal.

As noted above, the trial court held evidentiary hearings on the motion to suppress physical evidence and the motion to suppress statements and admissions. Ultimately, the trial court denied the motions and found that "Deputy Myers developed sufficient probable cause to arrest the defendant for possession of Cannabis. The defendant's admission that the plastic bag in his hand contained marijuana gave Deputy Myers probable cause to believe that the bag contained marijuana." *See* Doc. No. 17 at 83.

In *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court established a general rule that criminal defendants may not seek collateral review of Fourth Amendment claims under section 2254.[2] The Supreme Court declared that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was

---

[2]*Stone* involved physical evidence seized in a search held to violate the Fourth Amendment. However, the Supreme Court subsequently held that the *Stone* doctrine also applied to a Fourth Amendment challenge to a confession, if it was voluntary and obtained in accordance with *Miranda*. *See Cardwell v. Taylor*, 461 U.S. 571, 572-73 (1983).

introduced at his trial." *Id*. at 481. The Supreme Court based its decision on a concern for judicial economy, stating that the "justification [for the exclusionary rule] becomes minimal where . . . a prisoner . . . previously has been afforded the opportunity for full and fair consideration of his search-and-seizure claim at trial and on direct review." *Id.* at 486.

In the instant case, *Stone* clearly prevents Petitioner from raising a Fourth Amendment claim, as this claim falls fully within the boundaries of a traditional search and seizure problem. The record in this case indicates beyond question that Petitioner received a full and fair hearing in the state trial court on his claim, and the treatment of the matter was fair and candid. The Court determines that Petitioner was afforded a full and fair opportunity to litigate and have this claim adjudicated in the state courts, and he should not be permitted to further relitigate the same issue. *See Harris v. Dugger*, 874 F.2d 756, 761 (11th Cir. 1989).

The Court further notes that Petitioner does not contend that he was denied the opportunity to present facts to the trial court or to argue the claim before an appellate court, and, in fact, he did both. Therefore, claim one must fail.

**B.      Claim Two**

Petitioner states that he received ineffective assistance of counsel based on the following: (1) counsel failed to move for a continuance when Petitioner told her about three alibi witnesses (Mrs. Hamilton, her son June, and Mrs. Edna Johnson); (2) counsel failed to interview or depose three alibi witnesses; (3) counsel failed to challenge the

6

legality of the stop and to move to suppress Petitioner's statements at the time of the arrest; (4) counsel failed to object to the prosecutor's closing argument; and (5) counsel failed to argue that the State's witnesses (Deputy Howard Shelton, Deputy Mark Meyers, Deputy Linden Corey Smith, and Jason Eric Co) were being untruthful at trial.

    1.    *Issues One and Four.*

Issues one and four were not raised with the state courts.[3] The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[4] or (2) are not exhausted but would clearly be barred if returned to state court.[5] Thus, "[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).

---

[3] Petitioner argued in his Rule 3.850 motions that counsel was ineffective based on the following: (1) counsel failed to call Mrs. Hamilton, her son June, and Mrs. Edna Johnson as witnesses at trial; (2) counsel failed to properly challenge the testimony of the police officers at trial; (3) counsel failed to depose the State's witnesses; (4) counsel failed to file a motion to suppress Petitioner's statement made upon his arrest; (5) counsel failed to interview the three alibi witnesses; and (6) counsel failed to argue that the State's witnesses were being untruthful at trial.

[4] *Harris v. Reed*, 489 U.S. 255, 261 (1989).

[5] *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).


Issues one and four are procedurally barred because they were not raised in the state courts. There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception;[6] the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991).

In the present case, Petitioner has failed to allege cause or prejudice that would excuse the default. Likewise, Petitioner has not alleged the applicability of the actual innocence exception. Therefore, issues one and four are denied as procedurally barred.

    b.    *Issue Two.*

Petitioner states that counsel failed to interview or depose the three alibi witnesses. Petitioner does not state in the Petition the substance of their alleged testimony, but he mentioned in his second Rule 3.850 motion that they would have testified that he was not in possession of drugs.

Habeas courts generally view ineffective assistance claims with great caution when the only evidence of a missing witness's testimony comes from the defendant. See *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985). "[E]vidence about the

---

[6]*See Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("when a procedural default bars state litigation of a court claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice."); *see also Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992) (the petitioner must demonstrate cause and prejudice for failing to raise instances of ineffective assistance of counsel with the state court).

testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted); *Streeter v. United State*s, 335 F. App'x 859, 864 (11th Cir. 2009) ("[M]ere speculation that missing witnesses would have been helpful is insufficient to meet the petitioner's burden of proof.") (citing *Johnson v. Alabama*, 256 F.3d 1156, 1187 (11th Cir.2001)).

Further, even assuming that these witnesses would have been helpful and that counsel's performance fell below an objective standard of reasonableness by not calling them, Petitioner still cannot show that their testimony would have likely changed the result of the trial. Petitioner speculates that these witnesses observed the incident and would have testified on his behalf and corroborated his story. However, pure speculation cannot support federal habeas relief.

Petitioner has not shown that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented. As a result, issue two is denied.

   c.  *Issue Three.*

Petitioner states that counsel failed to challenge the legality of the stop and to move to suppress Petitioner's statements at the time of the arrest. However, the record

9

reveals that counsel filed a motion to suppress the physical evidence and a motion to suppress statements and admissions. Further, the trial court held an evidentiary hearing on the motions.

Petitioner has failed to demonstrate that counsel acted deficiently or that he sustained prejudice with regard to this matter. As such, Petitioner has failed to demonstrate that the state court's decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, this Court rejects this issue.

        d.    *Issue Five*.

Petitioner states that counsel failed to argue that the State's witnesses (Deputy Howard Shelton, Deputy Mark Meyers, Deputy Linden Corey Smith, and Jason Eric Co) were being untruthful at trial. However, Petitioner fails to present any specifics in support of this issue. For example, he fails to specify the untruthful testimony. This issue is conclusory in that Petitioner fails to offer any supporting facts or proof. Moreover, counsel did subject each testifying witness to cross-examination. Petitioner has failed to demonstrate that counsel acted deficiently or that he sustained prejudice.

Consequently, there has been no showing that state court's rejection of this issue was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or that it was based upon an unreasonable determination of the facts in light of the evidence presented. As a result, this issue is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV. CERTIFICATE OF APPEALABILITY

An application for a certificate of appealability should be granted only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); s*ee also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Rule 11, *Rules Governing Section 2254 Cases In the United States District Courts.* Petitioner fails to make a substantial showing of the denial of a constitutional right.

### V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1) filed by William Lorenzo Johnson is **DENIED**, and this case is **DISMISSED with prejudice**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 2, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:
OrlP-2 3/2
William Lorenzo Johnson
Counsel of Record